# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

CIVIL ACTION NO. 10-354-JBC

MANUEL E. ESPINOSA
d/b/a Welsh Capital Thoroughbreds,                                    PLAINTIFF,

V.                          MEMORANDUM OPINION AND ORDER

LOUISVILLE METRO GOVERNMENT, ET AL.,                         DEFENDANTS.

* * * * * * * * * * *

This matter is before the court upon defendant Louisville Metro Government's

motion to dismiss for failure to state a claim. R. 5. For the reasons below, the court will

grant the motion.

This mater is also before the court on the motion of the Commonwealth of

Kentucky for an extension of time to file is answer. R. 4. The court will also grant that

motion.

I.      **Facts**[1]

Espinosa filed a pro se complaint against Louisville Metro Government ("Metro")

and the Commonwealth of Kentucky ("the Commonwealth"). Espinosa's complaint

contains very little factual detail, instead relying on general allegations of wrongful

conduct. The complaint makes four claims: misrepresentation, negligence, violation of

Deceptive Trade Practices Act and violation of right to property. Metro filed a motion to

---

[1]In reviewing a motion to dismiss, this court will accept all well-pleaded factual
allegations as true and construe the complaint in the light most favorable to the plaintiff.
*Benson v. Morgan Stanley Distribus. Inc.*, 420 F. 3d 598, 605 (6th Cir. 2005) (citing
*Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)).

dismiss for failure to state a claim based upon the expiration of statute of limitations, res judicata and collateral estoppel, and lack of subject-matter jurisdiction.

## II.    Subject-Matter Jurisdiction

The plaintiff has not met his burden of proving this court has diversity jurisdiction. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913 (6th Cir. 1986). In order for this court to assert diversity jurisdiction, the action must be between "citizens of different States." 28 U.S.C. § 1332(a)(1). Espinosa has asserted that he lives and does business in Kentucky. While the court requires that parties definitively state their citizenship, Espinosa is a pro se plaintiff and entitled to a less stringent standard. *Hains v. Kener*, 404 U.S. 519, 520 (1972). Therefore, this court will construe this information to determine that he is a citizen of Kentucky.

In order for complete diversity to exist, no plaintiff can be a citizen of the same state as any defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). The Commonwealth, as a state, is not a citizen for the purposes of diversity jurisdiction under 28 U.S.C. §1332. *Moor v. Alameda County*, 411 U.S. 693, 171 (1973). As the Commonwealth is not a citizen, there is not complete diversity in the instant case. *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894).

Even if the Commonwealth is not included in a determination of diversity, this court still does not have diversity jurisdiction. Political subdivisions, such as Metro, are considered citizens of the state for diversity purposes unless they are simply an "arm or alter ego of the state." *Moor*, 411 U.S. at 717 (citing *State Highway Comm'n of*

*Wyoming v. Utah Construction Co.*, 278 U.S. 194, 199 (1929)). If Metro is an arm of the state, then it is not considered a citizen of any state and this court lacks diversity jurisdiction. *Moor*, 411 U.S. at 717-18. Alternatively, if Metro is not an arm of the state, then it is considered a citizen of Kentucky for the purposes of determining diversity jurisdiction. Since the plaintiff is also a citizen of Kentucky, there would not be the complete diversity of parties necessary for this court to assert jurisdiction. Therefore, this court does not have diversity jurisdiction over the instant case.

Despite the lack of diversity jurisdiction, however, this court has federal-question jurisdiction because Espinosa has made a claim based on the Constitution. Espinosa "asks the court for due process" generally and includes "violation of right to property" as one of his four claims. R. 1 at 2, 6. Espinosa states that he was denied his "right of recovery" and the "dispersal and denial of property without court order or hearing was unjustified." *Id.* As Espinosa is a pro se plaintiff and entitled to more liberal construction of his complaint, this court will construe this as a claim for violation of procedural due process. This court has federal question jurisdiction over Espinosa's constitutional claim.

### III. Failure to State a Claim

Espinosa's factual assertions are as follows: the negligent operation of a sidewalk by the defendants caused Espinosa and his livestock injury; the defendants' negligence caused the livestock to be dispersed; the defendants interfered with Espinosa's business in refusing to prosecute the crime; the defendants failed to care for the livestock; and the defendants denied Espinosa the right of recovery. These

allegations, which serve as the factual basis for the four claims, are insufficient to sustain his claims against Metro for the reasons below.

### A.  Count One: Misrepresentation

Espinosa has failed to plead any facts regarding his claim of misrepresentation. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009) (citing Fed.R.Civ.P. 8(a)). The statement that the dispersal of the livestock was to "cover-up the act of negligence" only implies the possibility of misconduct. R. 1 at 4. The complaint contains no facts which support a claim for misrepresentation. Therefore, this court will grant the motion to dismiss for failure to state a claim on the claim of misrepresentation.

### B.  Count Two: Negligence

Espinosa has failed to state a claim for negligence in causing the injury to the livestock and negligence in allowing the dispersal of the livestock. The complaint contains no factual assertions, only several legal conclusions – namely that the defendants were "negligent," that their negligence caused the alleged injury, that the defendants caused the livestock to be dispersed to "cover-up the act of negligence," that the defendants were "consciously indifferent" to the welfare of the livestock, and that they were in breach of duty in allowing the "dispersal." R. 1 at 3-4. These legal conclusions are not entitled to the presumption of truth and they cannot sustain a cause

of action for negligence. *See Iqbal*, 129 S.Ct. at 1950. Therefore, this court will grant the motion to dismiss for failure to state a claim of negligence.

### C.    Count Three: Violation of Deceptive Trade Practices Act

Espinosa alleges that the defendants have violated the "Deceptive Trade Practices Act." R. 1 at 5. However, there is no such act in federal or Kentucky law. As Espinosa states that he is a "consumer" and he "recognizes the terms as understood under Kentucky law," this court will construe this as a claim under the Kentucky Consumer Protection Act, KRS §§ 367.110-.360. The claim under the Kentucky Consumer Protection Act fails because Espinosa is not a consumer under the statute as he fails to provide any facts to show privity of contract between himself and the defendants. Ky. Rev. Stat. Ann. § 367.220 (Westlaw 2010); *Kentucky Laborers Dist. Council Health and Welfare Trust Fund*, 24 F.Supp.2d 755, 772-73 (W.D.Ky. 1998) (citing *Skilcraft Sheetmetal v. Kentucky Machinery, Inc.*, 836 S.W.2d 907, 909 (Ky.Ct.App.1992)). Thus, this court will grant the motion to dismiss for failure to state a claim for violation of the Deceptive Trade Practices Act or the Consumer Protection Act.

### D.    Count Four: Violation of Right to Property

Espinosa's claim for violation of procedural due process as construed by this court does not state a cause of action. A procedural due process claim under the Fourteenth Amendment prohibits the deprivation of property without due process of law. U.S. Const. Amend. XIV. The complaint must show that Espinosa has been deprived of a property interest and, if so, that deprivation occurred without due process. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). As this court determined in its analysis of

the claim for negligence, the complaint does not state a claim that the defendants deprived Espinosa of his property.

Additionally, the complaint has not stated a claim with regard to inadequacy of process. Only deprivations which are conducted without due process are subject to suit. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). In support of his claim, Espinosa only asserts that he was denied his right of recovery and that the dispersal and denial of property without a court order or a hearing was unjustified. These are merely accusatory statements, not well-pled facts which would confer jurisdiction on this court. Therefore, this court will grant the motion to dismiss for failure to state a claim for violation of right of procedural due process.

The court declines to address statute of limitations, res judicata and collateral estoppel, having concluded that the complaint fails to state a claim for all four claims,

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (R. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commonwealth's motion to extend time to file its answer (R. 4) is **GRANTED**, and the answer shall be filed no later than February 28, 2011.

Signed on  February 10, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY