UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 10-354-JBC

MANUEL E. ESPINOSA
d/b/a Welsh Capital Thoroughbreds, PLAINTIFF,

V.  **MEMORANDUM OPINION AND ORDER**

LOUISVILLE METRO GOVERNMENT, ET AL., DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the Commonwealth of Kentucky's motion to dismiss. R. 16. For the reasons below, the court will grant the motion.

I.  **Facts[1]**

Manuel Espinosa filed a complaint against Louisville Metro Government ("Metro") and the Commonwealth of Kentucky. Espinosa's complaint contains very little factual detail, instead relying on general allegations of wrongful conduct. The complaint makes four claims: misrepresentation, negligence, violation of Deceptive Trade Practices Act and violation of right to property. The Commonwealth moved to dismiss on the grounds of sovereign immunity, a deficient complaint, and the statute of limitations.

II.  **Failure to State a Claim**

Espinosa claims that the negligent operation of a sidewalk by the defendants caused injury to him and his livestock; the defendants' negligence caused the livestock

---

[1]This court will accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Benson v. Morgan Stanley Distribus. Inc.*, 420 F. 3d 598, 605 (6th Cir. 2005) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)).

1

to be dispersed; the defendants interfered with Espinosa's business in refusing to prosecute the crime; the defendants failed to care for the livestock; and the defendants denied Espinosa the right of recovery. These allegations, which serve as the factual basis for the four claims, are insufficient to sustain his claims against the Commonwealth for the reason below.

### A.     Count One: Misrepresentation

Espinosa has failed to plead any facts regarding his claim of misrepresentation. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009) (citing Fed.R.Civ.P. 8(a)). The statement that the dispersal of the livestock was to "cover-up the act of negligence" only implies the possibility of misconduct. R. 1 at 4. The complaint contains no facts which support a claim for misrepresentation. Therefore, this court will grant the motion to dismiss for failure to state a claim on the claim of misrepresentation.

### B.     Count Two: Negligence

Espinosa has failed to state a claim for negligence in causing the injury to the livestock and negligence in allowing the dispersal of the livestock. The complaint contains no factual assertions, only several legal conclusions – namely that the defendants were "negligent," that their negligence caused the alleged injury, that the defendants caused the livestock to be dispersed to "cover-up the act of negligence," that the defendants were "consciously indifferent" to the welfare of the livestock, and

that they were in breach of duty in allowing the "dispersal." R. 1 at 3-4. These legal conclusions are not entitled to the presumption of truth and they cannot sustain a cause of action for negligence. *See Iqbal*, 129 S.Ct. at 1950. Therefore, this court will grant the motion to dismiss for failure to state a claim of negligence.

### C.     Count Three: Violation of Deceptive Trade Practices Act

Espinosa alleges that the defendants have violated the "Deceptive Trade Practices Act." R. 1 at 5. However, there is no such act in federal or Kentucky law. As Espinosa states that he is a "consumer" and he "recognizes the terms as understood under Kentucky law," this court will construe this as a claim under the Kentucky Consumer Protection Act, KRS §§ 367.110-.360. The claim fails, however, because Espinosa is not a consumer under the statute as he fails to provide any facts to show privity of contract between himself and the defendants. Ky. Rev. Stat. Ann. § 367.220 (Westlaw 2010); *Kentucky Laborers Dist. Council Health and Welfare Trust Fund*, 24 F.Supp.2d 755, 772-73 (W.D.Ky. 1998) (citing *Skilcraft Sheetmetal v. Kentucky Machinery, Inc.*, 836 S.W.2d 907, 909 (Ky.Ct.App.1992)). Thus, this court will grant the motion to dismiss for failure to state a claim for violation of the Deceptive Trade Practices Act or the Consumer Protection Act.

### D.     Count Four: Violation of Right to Property

Espinosa's claim for violation of procedural due process as construed by this court does not state a cause of action. A procedural due process claim under the Fourteenth Amendment prohibits the deprivation of property without due process of law. U.S. Const. Amend. XIV. The complaint must show that Espinosa has been deprived of

a property interest and that the deprivation occurred without due process. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). As this court determined in its analysis of the claim for negligence, the complaint does not state a claim that the defendants deprived Espinosa of his property.

Additionally, the complaint has not stated a claim with regard to inadequacy of process. Only deprivations which are conducted without notice and an opportunity to be heard are subject to suit. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). In support of his claim, Espinosa asserts only that he was denied his right of recovery and that the dispersal and denial of property without a court order or a hearing was unjustified. These are merely accusatory statements, not well-pled facts which would confer jurisdiction on this court. Therefore, this court will grant the motion to dismiss for failure to state a claim for violation of right of procedural due process.

The court declines to address the issues of statute of limitations and sovereign immunity, having concluded that the complaint fails to state a claim.

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (R. 16) is **GRANTED**.

Signed on  June 10, 2011  
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY