**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 10-354-JBC**

**MANUEL E. ESPINOSA**
**d/b/a Welsh Capital Thoroughbreds, PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**LOUISVILLE METRO GOVERNMENT, ET AL., DEFENDANTS.**

* * * * * * * * * * * *

Following the dismissal of this action for failure to state a claim, the plaintiff, Manuel Espinosa, has moved for reconsideration, judgment, and to simplify the issues. R. 10, 11, 14, 19, 28. For the reasons below, the motions will be denied.

## I. Motion for Order for Review of Verdict

Espinosa argues that his motion for removal should not have been denied because it was to remove a counterclaim from Jefferson County Court. While a plaintiff opposing a counterclaim may be a defendant functionally, he is not a defendant under the removal statute and thus may not remove an action to federal court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105 (1941). Therefore, this court will deny the motion to reconsider its order denying Espinosa's motion for removal.

## II. Motion to Amend or Reconsider

Espinosa has failed to state a claim for relief because his pleading does not show he is entitled to relief. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009) (citing Fed.R.Civ.P. 8(a)). Under Fed. R. Civ. Pro. 8(a)(2), Espinosa's complaint is required to contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." While Espinosa is not required to plead "*detailed* facts," he is required to plead at least "some facts" which "raise a right to relief above the speculative level." *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 460 (6th Cir.2007) (en banc) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Espinosa's complaint contains very few factual assertions and, instead, relies on legal conclusions. Even taking Espinosa's assertions as true, the complaint is not sufficient to survive a motion to dismiss. Espinosa's motion for reconsideration adds no facts which would raise his allegations above the speculative level.

Espinosa appears to argue that this court did not take sufficient judicial notice of facts in the previous state case. Fed. R. Civ. Pro. 12(b); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) (a court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on such motions, such as documents incorporated into the complaint by reference and matters of which the court may take judicial notice). However, Espinosa does not explain what facts in the state court record allow his pleading to survive a motion to dismiss. Indeed, the Jefferson Circuit Court dismissed Espinosa's suit for failure to state a claim, and the Kentucky Court of Appeals affirmed. *Espinosa v. Jefferson/Louisville Metro Government*, No. 2008-CA-944-MR, 2009 WL 277488 (Ky.App. 2009) (unpublished).

Finally, this court construed Espinosa's claim under the Deceptive Trade Practice Act as a claim under Kentucky law. In his motion for reconsideration, Espinosa asserts that his claim is under federal law. As he does not state the statute under which he makes his claim, this court construes his claim to be under the Federal Trade

Commission Act ("FTCA") 15 U.S.C. § 45 (1988)), which does not provide a private cause of action. *Morales v. Walker Motors Sales, Inc.*, 162 F.Supp.2d 786, 790 (S.D.Ohio 2000) (citing cases from the Second, Fifth, Ninth, Tenth, and D.C. Circuits, as well as the Western District of Kentucky and Southern District of Ohio). Therefore, Espinosa's federal claim fails to state a cause of action. Accordingly,

**IT IS ORDERED** that the motions for reconsideration (R. 14, 19) are **DENIED**.

**IT IS FURTHER ORDERED** that all remaining motions (R. 10, 11, 28) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED**, as all claims against both defendants have been dismissed, that this action is **DISMISSED** and **STRICKEN** from the active docket. A judgment shall be filed separately.

Signed on July 31, 2011

Jennifer B. Coffman

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY